# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Alex Cassis**<br>        Debtor<br>**U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H**<br><br>        Movant<br>v.<br>**Alex Cassis**<br>        Debtor/Respondent<br>**William C, Miller, Esquire**<br>        Trustee/Respondent | **Bankruptcy No. 20-14301-elf**<br><br>**Chapter 13**<br><br>Hearing Date: April 27, 2021<br>Hearing Time: 9:30a.m.<br>Location: Courtroom #1, 900 Market Street, Suite 201, Philadelphia, PA 19107 |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H  FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H  TO FORECLOSE ON 5001 HAWTHORNE ST, PHILADELPHIA, PENNSYLVANIA 19124**

Secured Creditor, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Alex Cassis, filed a voluntary petition pursuant to Chapter 13 of the United States

Bankruptcy Code on October 30, 2020.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On April 19, 2007, Louise Marie Wagnac executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $106,000.00 to Lehman Brothers Bank, FSB, a Federal Savings Bank. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on April 26, 2007 as Instrument Number 51680572 of the Public Records of Philadelphia County. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 5001 Hawthorne St, Philadelphia, Pennsylvania, ("the Property").

6. The Debtor, Alex Cassis, obtained an ownership interest in the subject property on January 24, 2012. The Deed was recorded on February 10, 2012 as Instrument Number 52445935 of the Public Records of the City of Philadelphia, Pennsylvania. A true and correct copy of the Deed is attached hereto as Exhibit "C."

7. A loan modification was entered into on November 26, 2010, creating a new principal balance of $115,090.58. A true and correct copy of the Agreement is attached hereto as Exhibit "D."

8. The loan was lastly assigned to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for LXS 2007-8H, ASSET BACKED

NOTES, SERIES 2007-8H and same was recorded with the City of Philadelphia Recorder of Deeds on August 24, 2017, as Instrument Number 53257306. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "E."

9. Based upon the Debtor(s)' Confirmed Amended Chapter 13 Plan (Docket No. 16), the Debtor intends on curing Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining the ongoing post-petition obligation directly to Secured Creditor. A true and correct copy of the Confirmed Amended Chapter 13 Plan is attached hereto as Exhibit "F."

10. Co-Debtor(s), Louise Marie Wagnac, are liable on and/or has secured the aforementioned debt with the Debtor(s).

11. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $613.98 which came due on February 1, 2021 and March 1, 2021, respectively. Additionally, there is a Suspense Balance of $0.04.

12. Thus, Debtor(s)' post-petition arrearage totaled the sum of $1,227.92 through March 31, 2021.

13. The current unpaid principal balance due under the loan documents is approximately $85,791.60.  Movant's total claim amount, itemized below, is approximately $121,892.78.  See Exhibit "G."

| | |
|---|---|
| Principal Balance | $85,791.60 |
| Interest | $6,256.81 |
| Escrow Advance | $3,263.72 |
| Corporate Advance | $1,614.94 |
| Deferred Principal | $25,253.79 |
| Suspense Balance | ($288.08) |
| Total Payoff | $121,892.78 |

14. According to the Debtor's bankruptcy schedules, the liquidation value of the subject

property is $92,970.00. A true and accurate copy of the Debtor(s)' Schedule D is attached hereto as Exhibit "H."

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

16. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to maintain the monthly post-petition installment payments to Secured Creditor.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

18. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of

said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Dated: April 1, 2021

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com