# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>Alex Cassis<br>      Debtor<br><br>U.S. Bank National Association, as Indenture Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Indenture Trustee, for LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H<br><br>      Movant<br><br>v.<br><br>Alex Cassis<br> Debtor/Respondent<br><br>Louise Marie Wagnac<br>      Co-Debtor/Respondent<br><br>Kenneth E. West, Esquire<br>      Trustee/Respondent | **Bankruptcy No. 20-14301-amc**<br><br>**Chapter 13**<br><br>Hearing Date: July 30, 2024<br>Hearing Time: 11:00 A.M.<br>Location: Courtroom 4, United States Bankruptcy Court, 900 Market Street, Suite 400 Philadelphia, PA 19107 |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, FOR LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY TO PERMIT U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, FOR LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8HTO FORECLOSE ON 5001 HAWTHORNE ST, PHILADELPHIA, PENNSYLVANIA 19124**

Movant, U.S. Bank National Association, as Indenture Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Indenture Trustee, for LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-

8H, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Alex Cassis, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 30, 2020.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On April 19, 2007, Louise Marie Wagnac executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $106,000.00 to Lehman Brothers Bank, FSB, a Federal Savings Bank. A true and correct copy of the Note is attached hereto as Exhibit "A.

4. The Mortgage was recorded on April 26, 2007 as Instrument Number 51680572 of the Public Records of Philadelphia County. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 5001 Hawthorne St, Philadelphia, Pennsylvania, ("the Property").

6. A loan modification was entered into on November 26, 2010, creating a new principal balance of $115,090.58. A true and correct copy of the Agreement is attached hereto as Exhibit "C."

7. The loan was lastly assigned to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for LXS 2007-8H, ASSET BACKED

NOTES, SERIES 2007-8H and same was recorded with the City of Philadelphia Recorder of Deeds on August 24, 2017, as Instrument Number 53257306. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D."

8. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

9. Based upon the Debtor(s)' Modified Chapter 13 Plan (Docket No. 51), the Debtor intends to cure Movant's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Movant. A true and correct copy of the Modified Chapter 13 Plan is attached hereto as Exhibit "E."

10. Co-Debtor(s), Louise Marie Wagnac, are liable on and/or has secured the aforementioned debt with the Debtor(s).

11. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $675.30 which came due on May 01, 2024 and June 01, 2024, respectively, less suspense balance of $513.55.

12. Thus, Debtor(s)' post-petition arrearage totaled the sum of $837.05 through June 30, 2024.

13. The current unpaid principal balance due under the loan documents is approximately $82,071.64. Movant's total claim amount, itemized below, is approximately $112,945.18. See Exhibit "F."

| | |
|---|---|
| Principle | $82,071.64 |
| Interest Amount | $3,369.38 |
| Escrow Advance | $3,514.70 |
| Suspense Balance | $2,314.27 |

| Corp Advance Bal | $1,049.94 |
|---|---|
| Total to Payoff | $112,945.18 |

14. According to the Debtor(s)' schedules, the value of the property is $92,970.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "G."

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

16. As set forth herein, Debtor has defaulted on his/her/their secured obligation as he/she/they has/have failed to make his/her/their monthly post-petition installment payments.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

18. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. Bank National Association, as Indenture Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Indenture Trustee, for

LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 7/10/2024

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
PA Bar Number 62414
Email: mimcgowan@raslg.com