# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Alex Cassis,<br>    Debtor.<br><br>U.S. Bank National Association, as Indenture Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Indenture Trustee, for LXS 2007-8H, ASSET BACKED NOTES, SERIES 2007-8H,<br>    Movant,<br>    v.<br><br>Alex Cassis,<br>    Debtor/Respondent,<br><br>Louise Marie Wagnac,<br>    Co-Debtor/Respondent,<br><br>Kenneth E. West,<br>    Trustee/Additional Respondent. | Bankruptcy No. 20-14301-amc<br><br>Chapter 13 |

## CREDITOR CERTIFICATION OF DEFAULT

I, Sherri R. Dicks, Esquire, attorney for U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Indenture Trustee for LXS 2007-8H, Asset Backed Notes, Series 2007-8H ("Movant"), certifies as to the following:

    1.    I am an attorney for U.S. Bank National Association, as Indenture Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger

to LaSalle Bank National Association, as Indenture Trustee for LXS 2007-8H, Asset Backed Notes, Series 2007-8H, and am duly authorized to make this certification.

2. On August 27, 2024, a Stipulation (at Docket Entry No. 66) and on August 29, 2024, an Order Approving Stipulation (at Docket Entry No. 68) were entered, that required the Debtor to make certain payments to Plaintiff to cure specified arrears and maintain future accruing payments. *see* Exhibit "A".

3. On August 27, 2025, Plaintiff, through counsel, served on Debtor, Debtor's attorney and the Chapter 13 Trustee a Notice of Default ("Notice") setting forth that Debtor was in default of the provisions of the Stipulation. *see* Exhibit "B".

4. The August 27, 2025, Notice of Default stated that the sum of $898.89 was required from Debtor(s) to cure the default.

5. The Notice of Default provided that if either the Debtor or the Trustee did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 5001 Hawthorne Street, Philadelphia, PA 19124, may be foreclosed and sold at Sheriff Sale.

6. Neither the Debtor(s) nor the Trustee cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7.     That, in accordance with the terms of the Order Approving Stipulation entered on August 29, 2024, Plaintiff is entitled to relief from the automatic stay as to the real property located at 5001 Hawthorne Street, Philadelphia, PA 19124.

Date:

                                    Respectfully submitted,

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorney for Secured Creditor
13010 Morris Rd, Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
By: /s/Sherri R. Dicks
SHERRI R. DICKS, Esq.
PA Bar Number:  90600
Email: sdicks@raslg.com

Case 20-14301-amc    Doc 80    Filed 09/18/25    Entered 09/18/25 13:57:44    Desc Main
Document    Page 4 of 4